**MORAN TOWING & TRANSPORTATION CO., Inc., Assignee of Time, Inc., Libellant-Appellee,**

v.

**CONNERS–STANDARD MARINE CORP., Respondent-Appellant.**

**No. 355, Docket 28124.**

United States Court of Appeals Second Circuit.

Argued May 8, 1963.

Decided May 8, 1963.

Vincent A. Catoggio, New York City (Purdy, Lamb & Catoggio, New York City), for appellant.

Eugene Underwood (Burlingham, Underwood, Barron, Wright & White, New York City, E. Lisk Wyckoff, Jr., New York City, of counsel), for appellee.

Before FRIENDLY, KAUFMAN and MARSHALL, Circuit Judges.

PER CURIAM.

In this libel, filed in 1957, after a trial before Judge Murphy on the issue of liability, 189 F.Supp. 955, an appeal to this Court from the interlocutory decree, 285 F.2d 368, 86 A.L.R.2d 1227, and proceedings before a commissioner to fix damages, appellant tug-owner has made what it regards as the discovery that the courts have lacked "jurisdiction" in admiralty from the outset because libellant tug-owner was suing on a claim for damages suffered by its tow which had been assigned to it. Apart from all other considerations, we find no support for the contention that admiralty will not entertain a suit by an assignee; the contrary sensible rule seems well-established. Cobb v. Howard, 5 Fed.Cas.No. 1133, No. 2924 (S.D.N.Y.1856); Henry Admiralty Jurisdiction and Procedure (1885), § 108; American Steel Barge Co. v. Chesapeake & Ohio Coal Agency Co., 115 F. 669, 673–674 (1 Cir. 1902); The Mandu, 102 F.2d 459, 461–462 (2 Cir. 1939). We affirm the judgment in open court.